UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL WARD, Individually and as
Special Administrator of the Estate of
CHARLES WARD, Deceased,

      Plaintiff,

v.

DANA CORPORATION, *et al.*,

      Defendants.

Case No. 08-cv-159-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Motion to Remand (Doc. 8) filed by Plaintiff Daniel Ward (Ward). Defendant Dana Corporation (Dana) has Responded (Doc. 10). For the following reasons, the Court GRANTS the Motion to Remand.

## BACKGROUND

This case was originally filed by Ward against multiple diverse and non-diverse defendants, including Dana, on or about November 4, 2005, in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. On March 3, 2006, Dana filed a petition for bankruptcy, triggering an automatic stay of the action as against it. As against the other defendants, the action went on. According to Dana, the last non-diverse defendant, United Conveyor Corp., was voluntarily dismissed on January 19, 2007. Dana emerged from bankruptcy on January 31, 2008, and finding itself the only remaining defendant, attempted to remove the action on March 3, 2008.

## ANALYSIS

"The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests, and is

between citizens of different states." 28 U.S.C. §1332(a)(1). The presence of any defendant whose citizenship is not diverse from any plaintiff, destroys the complete diversity required to maintain a federal action based on §1332(a)(1). *Strawbridge v. Curtiss,* 7 U.S. 267 (1806); *Caterpiller, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Fidelity & Deposit Co. of Md. v. Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983). For purposes of Section 1332, "a corporation shall be deemed to be a citizen of any State by which it is incorporated and of the State in which it has its principal place of business." 28 U.S.C. §1332(c)(1).

"While § 1332 allows plaintiffs to invoke the federal courts' diversity jurisdiction, § 1441 gives defendants a corresponding opportunity." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Section 1441(a) states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, while an in-state plaintiff may invoke diversity jurisdiction, under § 1441(b) removal on the basis of diversity is only permitted if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). Furthermore, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."

The parties have expended much energy arguing over whether the automatic stay of Section 326 of the United States Bankruptcy Code tolls the one-year limitations period within which diversity cases must be removed under 28 U.S.C. § 1446 (b). The Court need not reach that question, however. According to Dana's Response, the last remaining non-diverse

2

defendant, United Conveyor Corp, was not dismissed from this action until January 19, 2007. The case was originally filed on November 4, 2005. The case was not removable within one year of commencement of the action because non-diverse defendants were still parties to the action well beyond the one year limit prescribed by 28 U.S.C. § 1446 (b). Regardless of whether the automatic stay tolled the one year time limit for Dana, it did not toll the time limit for the other defendants. Because the presence of any non-diverse defendant destroys the complete diversity required for federal subject matter jurisdiction to exist under 28 U.S.C. § 1332, diversity jurisdiction did not exist within one year of commencement of the action. Therefore, the Court is without jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs's Motion to Remand (Doc. 8) and **REMANDS** this action to the Third Judicial Circuit, Madison County, Illinois for further proceedings. The Court **DENIES as moot** all pending motions.

**IT IS SO ORDERED.**
**DATED: May 7, 2008**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**